IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| COURSON FAMILY LAND PARTNERSHIP, LTD., HAROLD D. COURSON | § § § § | |
| Plaintiffs, | § § | NO. 2:06-CV-009-J |
| v. | § § | |
| LATIGO PETROLEUM TEXAS, LP | § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION**

The Courson Family Land Partnership, Ltd. and Harold D. Courson, Plaintiffs, have sued to collect money that Latigo Petroleum Texas, LP, Defendant, allegedly owes under a most-favored-nations clause of a Seismic Exploration Permit. The Court grants Defendant's Second Motion for Summary Judgment in part.

I.  BACKGROUND

Plaintiffs own the surface estate of uncultivated land—used for cattle grazing—in Roberts County, Texas and Ochiltree County, Texas. Defendant has a leasehold interest in the land's mineral estate.

The parties negotiated a Seismic Exploration Permit, dated January 20, 2005, that gave Defendant permission to shoot a seismic survey on the land. According to the Permit's preamble, "the right and privilege" to shoot the survey lasted for ninety days from the Permit's date and was subject to the terms and conditions set forth in thirteen numbered paragraphs. Paragraph 7 required Defendant to pay Plaintiffs, in consideration of the permission to shoot the survey, $5.00 per gross surface acre as surface damages and $2.50 per gross surface acre as a

permitting fee. The $7.50 per-gross-surface-acre fee was required to be paid at least seven days before shooting the survey.

A most-favored-nations clause in paragraph 7 provides that, if Defendant pays more than the $7.50 per-gross-surface-acre fee to a surface owner within twenty miles of the land in Roberts and Ochiltree Counties, Defendant must pay Plaintiffs the difference between that $7.50 and the amount paid to the other surface owner:

> Should Latigo pay more than the aforementioned Seven Dollars Fifty Cents ($7.50) per gross surface acre to any other surface owner within a twenty (20) mile radius of the lands listed on Exhibit "A" [i.e., Plaintiffs' land in Roberts and Ochiltree Counties], Latigo agrees to pay [Plaintiffs] the difference between said Seven Dollars Fifty Cents ($7.50) per gross surface acre and what was actually paid to the other surface owner.

An earlier version of the Seismic Permit had a different most-favored-nations clause. This version, unlike the final version, provided that (a) Defendant's duty under the clause triggered only when the money paid to the other surface owner was "as a permitting or damage fee" and that (b) the clause was to expire twelve months after the seismic shoot:

> Should Latigo, within twelve (12) months of the date of the shoot, pay more than the aforementioned Seven Dollars Fifty Cents ($7.50) per gross surface acre to any other surface owner within a twenty (20) mile radius of the lands listed on Exhibit "A" [i.e., Plaintiffs' land in Roberts and Ochiltree Counties] as a permitting or damage fee, Latigo agrees to pay [Plaintiffs] the difference between said Seven Dollars Fifty Cents ($7.50) per gross surface acre and what was actually paid to the other surface owner.

On December 22, 2004, Plaintiffs sent this earlier version to Robert Spahr, who was negotiating the Seismic Permit for Defendant. He replied that Defendant wanted to have the most-favored-nations clause apply to the "initial permit only not damages after the shoot" and expire six months from the "date of the agreement." Both parties state that Plaintiffs never agreed to remove the twelve-month limit.

Spahr deleted "as a permitting or damage fee" and "within twelve (12) months of the date of the shoot" without informing Plaintiffs. Patrick Curth, Defendant's Vice President of Exploration, signed this Permit as altered. Spahr attached the page bearing Plaintiffs' signature from the earlier version to the altered Permit and sent the altered Permit to Plaintiffs. He stated in the cover letter dated January 20, 2005 that he changed paragraph 6's provision on source lines, a change to which Plaintiffs had agreed. He did not mention that he deleted "as a permitting or damage fee" or "within twelve (12) months of the date of the shoot." Plaintiffs filed this altered version of the Permit without noticing the two deletions. Defendant proceeded under the Permit, paid Plaintiffs the $7.50 per-gross-surface-acre fee, and shot the survey on their land. The survey was completed on their land in March 2005.

Within a twenty-mile radius of their land is T. Boone Pickens's land. His land is improved hunting and recreational property that is not used for normal ranching purposes. On August 26, 2004, Defendant executed a permit with Pickens for a survey on his land. The permit did not set an up-front amount for Defendant to pay as a permitting or damages fee. It instead required Defendant and Pickens to negotiate, after the survey's completion, a fee for surface damages. If the negotiations did not lead to an agreement, then the permit required Defendant and Pickens to submit the issue of damages to binding arbitration.

After the survey's completion, Defendant and Pickens could not agree on a fee for surface damages. They submitted the issue to arbitration. The arbitration panel awarded Pickens $1,515,000 on July 29, 2005. Although the award included surface damages and attorney's fees, the panel did not state how much was for damages and how much was for attorney's fees. A final judgment confirming the award was entered on August 16, 2005.

Defendant paid Pickens the award on August 19, 2005, approximately five months after Defendant completed the shoot on Plaintiffs' land in March 2005.[1]

## II. DISCUSSION

Defendant's Second Motion for Summary Judgment seeks summary judgment against Plaintiffs' claims for (a) promissory estoppel, (b) a constructive trust, (c) quantum meruit, (d) unjust enrichment, and (e) breach of contract.

This Court may grant summary judgment if the record shows that the case has no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment has the burden to identify the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id.* at 324-25. The nonmovant, rather than rest on mere allegations or denials in its pleadings, must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

### A. PROMISSORY ESTOPPEL AND CONSTRUCTIVE TRUST

Plaintiffs state in their Response to Defendant's Second Motion for Summary Judgment that they "are not pursuing their promissory estoppel and constructive trust theories" and "do not

---

[1] Defendant states in Defendant's Brief in Support of its Response to Plaintiffs' Motion for Partial Summary Judgment that it paid Pickens the arbitration award on "August 19, 2005 . . . ." (Def.'s Br. in Supp. of Its Resp. to Pl.'s Mot. for Partial Summ. J., 13). Another document filed by Defendant apparently erroneously states that the arbitration award was paid on August 19, 2006. The Court notes that Plaintiffs filed this suit in state court on December 19, 2005, and the case was removed here on January 17, 2006.

contest summary judgment against them as to" these theories. The Court therefore grants summary judgment to Defendant against Plaintiffs' claims for promissory estoppel and a constructive trust.

## B.  QUANTUM MERUIT[2]

"As a general rule, a plaintiff who seeks to recover the reasonable value of services rendered or materials supplied will be permitted to recover in quantum meruit only when there is no express contract covering those services or materials." *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988). This general rule has exceptions. *Id*. Texas law permits recovery in quantum meruit when the plaintiff has partially performed an express contract but, because of the defendant's breach, cannot complete the contract. *Id*. It also permits such recovery when a "plaintiff partially performs an express contract that is unilateral in nature." *Id*.

In the Memorandum Opinion granting partial summary judgment to Plaintiffs on October 19, 2006, this Court held that the Seismic Exploration Permit is a valid contract. This contract covers "the right and privilege" that Plaintiffs supplied to Defendant. As Plaintiffs have fully performed under this contract, neither of the exceptions to the general rule on quantum meruit apply. Thus, the Court grants summary judgment to Defendant against Plaintiffs' claim for recovery in quantum meruit.

## C.  UNJUST ENRICHMENT

A plaintiff may recover under a theory of unjust enrichment when the defendant has obtained a benefit by fraud, duress, or the taking of undue advantage. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). A plaintiff generally may not recover under a theory of unjust enrichment when a valid contract like the Seismic Permit covers the

---

[2] Plaintiffs state in their Response to Defendant's Second Motion for Summary Judgment that Defendant "acknowledges correctly that the Court's determination [that the Seismic Permit is a valid contract] precludes any need to address issues such as quantum meruit." Plaintiffs nonetheless addressed the issue "out of an abundance of caution."

dispute. *Recursion Software, Inc. v. Interactive Intelligence, Inc.*, 425 F. Supp. 2d 756, 768 (N.D. Tex. 2006); *see also Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). This general rule has an exception: one may recover under a theory of unjust enrichment for overpayments made under a valid contract. *Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467, 469-70 (Tex. 1998). But this exception does not apply in this case. Plaintiffs have not offered evidence to show a genuine issue about whether Defendant has obtained benefits that are beyond or apart from those allegedly conferred by the Seismic Permit. The Court therefore grants summary judgment to Defendant against Plaintiffs' claim for recovery under a theory of unjust enrichment.

### III. CONCLUSION

Accordingly, the Court grants summary judgment to Defendant against Plaintiffs' claims for promissory estoppel, a constructive trust, quantum meruit, and unjust enrichment. The Court denies all other relief that Defendant seeks in Defendant's Second Motion for Summary Judgment.

IT IS SO ORDERED.

Signed this __26th__ day of October, 2006.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**